IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF IOWA (DAVENPORT DIVISION)

| | |
|---|---|
| DOUGLAS E. BECKMAN and TRACEY BECKMAN<br><br>Plaintiffs'<br><br>vs.<br><br>KEATON HOSECHEK, DAVE HAMMA, ERIC BLODGETT, in their individual and their official capacities as Des Moines County Sheriff Deputies; and KEVIN GLENDENING, in his individual and his official capacity as Des Moines County Sheriff<br><br>Defendants. | Case No. _____<br><br>PETITION AT LAW and JURY DEMAND |

COMES NOW, Plaintiffs', Douglas E. Beckman and Tracey Beckman by and through his attorney and for cause of action against Defendants states the following:

## INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983; the Constitution of the United States of America; the Constitution of the State of Iowa and common law.

2. All of the wrongful and unconstitutional acts alleged below were committed by the Defendants in Des Moines County, Iowa on or about commencing in June 2021 and continuing.

## JURISDICTION AND VENUE

1. Counts I through IV of this action are brought pursuant to 42.U.S.C §§1983 and 1988 and Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. §1331 provide this Court jurisdiction of the subject matter.

1

2.  Counts III and IV of this action arise under the Constitution and common law of the State of Iowa and this Court has jurisdiction pursuant to 28 U.S.C.§1367.

3.  Venue is proper in the Davenport Division of the United States District Court for the Southern District of Iowa pursuant to U.S.C. 28 §1391(b)(1) and (2). All events giving rise to this claim occurred within the Southern District of Iowa.

## PARTIES

4.  Plaintiffs', Tracey Beckman ("Tracey") and Douglas E. Beckman ("Doug") are citizens of the United States of America and the State of Iowa, who at all times material to this cause of action, resided in rural, Des Moines County, Iowa.

5.  Defendants are government officials for the State of Iowa.

6.  Defendant, Keaton Hoschek ("Deputy Hoschek"), is employed as a Deputy Sheriff for the Des Moines County Sheriff's Office.

7.  Defendant, Dave Hamma (Deputy Hamma"), is employed as a Deputy Sheriff for the Des Moines County Sheriff's Office.

8.  Defendant, Eric Blodgett ("Lieutenant Blodgett"), is employed as a Deputy Sheriff for the Des Moines County Sheriff's Office.

9.  Defendant, Kevin Glendening ("Sheriff Glendening"), is the duly elected Sheriff of the Des Moines County.

10. The Des Moines County Sheriff's Office is located at 512 North Main Street, Burlington, Iowa.

11. The acts alleged in this Complaint are alleged to have been committed by Deputy Hamma, Keaton Hoschek, Eric Blodgett, and Kevin Glendening, under color of the laws of the State of the Iowa, both in their individual capacity and under their authority as Deputy Sheriffs for the Des Moines County Sheriff's Office. Further, all acts

2

of Dave Hama, Keaton Hoschek, Eric Blodgett, and Kevin Glendening were done while in the course of their employment with the Des Moines County Sheriff's Office.

## **GENERAL ALLEGATIONS**

12.     Doug and Tracey Beckman are crop and livestock farmers in Des Moines County, Iowa.

13.     Doug and Tracey Beckman own four landlocked parcels of land, as defined by Iowa law[1], located in the NW ¼ section and SW ¼ section of Section 4, Township 70N, Range west of the Fifth Principal Meridian in Des Moines County, Iowa. The land consists of farm fields, pastures, and wooded areas, divided by Flint Creek.

14.     The Beckmans purchased one parcel of landlocked land in 2011, from the Esther Gustafson Estate ("Gustafson Estate Property").

15.     The warranty deed from 2011, transferring the Gustafson Estate Property to the Beckmans contained the following language: "limited right of access over presently used access route." The presently used access route was a former roadway located on David Gustafson's property and lead to the Beckman's landlocked property.

16.     The warranty deed goes on to state, "if either the Gustafsons or Beckmans sell or transfer their property at any time, said right would be eliminated."

17.     After the Beckman's purchase of Gustafson Estate Property in 2011, Tracey used the easement located on David Gustafson's property to access their property.

---

[1] Landlocked Property defined as, "(a) parcel of land that does not have access to a public roadway and can only be accessed by crossing another's property." Wex Definiton Team, *Legal Information Institute – landlocked,* Cornell Law School (June 2020) (https://www.law.cornell.edu/wex/landlocked#:~:text=A%20parcel%20of%20land%20that,property%20&%20real%20estate%20law).

18. From 2011 to 2020, Doug accessed the Gustafson Estate Property with his farm equipment through an adjoining property owned by his father, after his father passed away, his father's estate terminated Doug's license to use their land to access his field. Doug's efforts to establish an easement over his father's estate land failed, in part because of the existing easement over the David Gustafson Property.

19. In late 2020, the Beckman's bought additional property from David Gustafson in an effort to secure continued access to Gustafson Estate Property. However, even the additional property the Beckman's purchased from David Gustafson was landlocked and required an easement to access.

20. On or around June 6, 2021, Doug used the easement on Gustafson property to access his field with his farm equipment. Before doing so, Doug removed bent over trees and other impediments to the access of his field to accommodate his large farm equipment.

21. Lance Gustafson, acting as an agent for the owner of the property David Gustafson, determined the easement had been extinguished due to the Beckman's purchase of land from David Gustafson in 2020 and the language purporting to extinguish the easement as set forth in the 2011 deed from the Gustafson Estate.

22. On June 23, 2021, Deputy Hoschek met with Doug for an interview relating to a complaint by Lance Gustafson. Lance's complaint related to trees and other brush that had been removed by Doug pursuant to an easement Doug possessed in order for Doug to get his farm equipment to his property.

23.     In a Supplemental report for Case number 21-25757, Deputy Hoschek noted during his initial meeting with Doug, he "advised Doug to stay off Gustafson's property until this issue was settled."

24.     Deputy Hoschek also noted in his report that he sought advice from the Des Moines County Attorney's Office regarding criminal charges against Doug as a result of the incident. The Des Moines County Attorney's Office declined to prosecute Doug on any charges because "he (Doug) did not show any criminal intent to do damage to the Gustafson property." Lance was advised that David would need to seek a remedy in civil court.

25.     On August 6, 2021; Deputy Hamma contacted Des Moines County Attorney Kollan Koltoff to seek supported for a charge of trespass against Doug for utilizing his easement to access his property, despite being informed that Lance Gustafson had never sought clarification through the courts whether there is an existing easement.

26.     In Deputy Hamma's report for Case Number 21-25757 Criminal Trespass, Deputy Hamma summarized a meeting with Doug on August 7, 2021, near the property at issue, Deputy Hamma stated his report "I advised Doug that due to the discrepancy in the easement's, the vagueness of prior language, and where the presently used access route which Gustafson contends was not the private drive near the residence and furthermore that Doug has been told that Lance does not want him on that property yet he continues to trespass on the property, *he would be cited for trespass*." The conversation was recorded via Deputy Hamma's in-car camera unit.

27. Also on August 7, 2021, Deputy Hamma of the Des Moines County Sheriff's Office issued a citation to Doug Beckman for trespass 1st offense on David Gustafson's property at 14291 145th Ave, Burlington, Iowa 52601. (Case No. STA0062045 in Des Moines County). The case was dismissed by the State with all costs assessed to the State on May 11, 2022.

28. After being advised the case against Doug Beckman was going to be dismissed by the County Attorney, Deputy Hamma followed-up with Lance Gustafson and requested Lance get estimates for the damage done to by Doug Beckman in the spring of 2021, so Deputy Hamma could charge Doug Beckman with criminal mischief. Lance Gustafson provided Deputy Hamma with damage estimates alleging $4,393.00 in tree damages.

29. On August 2, 2022, Deputy Hamma charged Doug with criminal mischief in the 2nd degree a class "D" felony for the incident occurring on June 11, 2021. (Case No. FECR009830 in Des Moines County).

30. The State further issued a protective order against Doug Beckman for David Gustafson on September 2, 2022, which was lifted on December 6, 2022.

31. The felony charge of criminal mischief was dismissed by the Des Moines County Attorney's Office on February 24, 2023, again, with all costs to the State.

32. On the same day the charge of criminal mischief was dismissed, Lieutenant Blodgett spoke to Doug and threatened him with criminal charges again should he use the Gustafson property to access his property.

33. Then, on April 26, 2023, Deputy Hoschek was dispatched in reference to a trespassing claim submitted by Doug and Tracey Beckman regarding Lance Gustafson

6

throwing brush pile and fence post onto the Beckman's property. Lance's actions were recorded on a video that Deputy Keaton saw when speaking to the Beckmans.

34.   On April 29, 2023, Sheriff Glendening, Chief Deputy McCune, Lieutenant Blodgett, and Deputy Hoschek met to discuss the most recent trespassing complaints from the Beckmans against Lance Gustafson. Deputy Hoschek informed Tracey Beckman that if the Beckmans continue to use the Gustafson lane to access their property, "this is a possibility that her and Doug will be charged with trespassing."

35.   On June 23, 2023, Doug and Tracey Beckman filed suit against David Gustafson to establish an easement and injunction to prevent the Gustafson's from interfering with their access to their property. (Case No. EQEQ015004 in Des Moines County).

36.   The Court ruled in the Beckman's favor and established an easement on Gustafson's property for the Beckman's to use to access their property on October 31, 2024. The Court also issued a Writ of Permanent Injunction to prevent David and Lance Gustafson from interfering with the Beckman's easement.

37.   On November 25, 2024, Doug parked his truck on the easement while he worked on his field, Deputy Hamma sent Deputy Foster out to the property to tell Doug to move his truck that was parked on David Gustafson's property within the Beckman's easement for their field.

38.   Due to the interference from the Des Moines County Sheriff's Office and Lance Gustafson, the Beckmans were unable to access their crops at crucial times. The crop yield diminished by approximately 50% per acre from prior years due to weed overgrowth and inability to access field.

## COUNT I – CONSTITUTIONAL TORT –

## UNREASONABLE SEIZURE OF PROPERTY

39.   Plaintiffs re-plead the preceding paragraphs as fully set forth herein.

40.   Pursuant to Iowa Code Section 6A.4, property owners, such as Doug and Tracey Beckman, have a clearly established right to access their property.

41.   Pursuant to the 4th Amendment to the united States Constitution, Plaintiffs had clearly established right to be secure from unreasonable seizure of their property.

42.   The conduct of Defendants, as outlined and set forth above constituted a seizure of Plaintiff's property in the following particulars and specifics:

   a.   Bringing multiple criminal charged against Plaintiff, Doug Beckman, without probable cause, for trespassing and criminal mischief.

   b.   Threatening criminal charges against Doug and Tracey Beckman if they utilize their easement to access their landlocked property.

   c.   Requiring Plaintiffs to seek a judicial ruling to be allowed to use their property right

   d.   Threatening physical arrest of Plaintiffs if they continue to utilize their easement rights.

43.   The seizure of Plaintiffs property was unreasonable, including, but not limited to, the following:

   a.   Defendants knew or should have known Plaintiffs had a property interest in the easement on David Gustafson's property.

   b.   Defendants knew or should have known that the issue of the easement, as to its existence of such, was a complex legal matter and they had been so advised.

    c.    The prosecution of Doug Beckman, for trespass and felony criminal mischief was without probable cause.

    d.    Defendants' seizure of Plaintiff's property was without any judicial process.

44.    As a result of Defendant's unreasonable seizure of Plaintiff's property they have suffered economic loss, damages, and have incurred substantial legal and other fees and expenses.

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, jointly and severally for all damages caused by Defendants, for attorney fees, court costs, and any other such relief the Court may deem proper.

## COUNT II- DUE PROCESS

45.    Plaintiffs re-plead the preceding paragraphs as fully set forth herein.

46.    Pursuant to the 14th Amendment to the United States Constitution, Plaintiffs have a clearly established right not to be deprived of property or liberty without due process of law.

47.    Beginning no later than December 31, 2020, Plaintiffs had a statutory and common law easement over certain real estate in Des Moines County, Iowa, belonging to David Gustafson.

48.    On or about June 2021 and continuing through at least November 2024, the Defendants engaged in a course of conduct intended to deprive Plaintiffs of property rights in the David Gustafson easement. Such conduct includes, but is not limited to:

    a. Causing Plaintiffs, Doug Beckman to be subjected to multiple criminal charges and charges were without probable cause.

b. Arbitrarily and without any hearing made the determination that Beckman had no easement in the David Gustafson property.

c. Requiring Beckman to incur legal fees and other expenses to obtain a civil ruling to avoid criminal charges.

d. Threatening criminal prosecution and arrest if Plaintiffs exercising their property rights.

49. As a result of Defendants' intentional denial of Plaintiffs due process rights they have suffered economic loss and damages and have incurred substantial legal fees and other fees and expenses.

WHEREFORE, Plaintiffs prey judgment against Defendants and each of them, jointly and severally for all damages caused by Defendants for attorney's fees, court costs, and other such relief the Court may deem proper.

## COUNT III – MALICIOUS PROSECUTION

50. Plaintiffs re-plead the preceding paragraphs as fully set forth herein.

51. On August 7, 2021, Doug Beckman was charged with trespassing (case no. STA0062045 – Des Moines County, Iowa).

52. The State dismissed the charges of trespassing against Doug Beckman, with court costs accessed to the State.

53. On August 2, 2022, Doug Beckman was then charged with criminal mischief for the same offense he was charged for in 2021 (case no. FECR009830 - Des Moines County, Iowa).

54. The felony case against Doug Beckman for felony criminal mischief was also dismissed by the State with cost accessed to the State.

55. Defendants acted with actual and legal malice in bringing criminal charges against Doug Beckman, instances of which include, but are not limited to, the following:

    a. Defendants continued to pursue criminal charges after initially being told by the Des Moines County Attorney's Office that Doug Beckman lacked intent.

    b. Defendants charged Doug Beckman with criminal trespass without probable cause of all necessary elements of the crime.

    c. After the charge of criminal trespass was dismissed, Defendants plotted against Doug to manufacture evidence to charge Doug with a felony, criminal mischief in the 2nd degree, for the same events the criminal trespass was based on.

    d. Defendants charged Doug Beckman with criminal mischief without probable cause of all the necessary elements of the crime.

56. Defendants were the actual and proximate cause of Plaintiffs damages, in the following particulars and specifics:

    a. Crop loss as a result of Defendants' threats and actual criminal charges made against the parties.

    b. Attorney fees in order to defend their clearly established property right.

57. As a result of Defendants' malicious prosecution, has suffered damages, including attorney fees to defend himself from Defendants malicious prosecution of him and has also suffered economic losses and damages.

WHEREFORE, Plaintiffs prey judgment against Defendants and each of them, jointly and severally for all damages caused by Defendants for attorney's fees, court costs, and other such relief the Court may deem proper.

### COUNT IV – ABUSE OF PROCESS

58. Plaintiffs re-plead the preceding paragraphs as fully set forth herein.

59. On August 7, 2021 and continuing, the Defendants intentionally used their authority as peace officers to bring charges against Defendant, Doug Beckman, and threaten to file criminal complaints against Plaintiffs in order to interfere with their property interest.

60. The Defendants used the criminal justice system primarily to interfere with Plaintiffs' clearly established right not to be deprived of their property, and not for its intended use of the criminal justice system.

61. As a result of Defendants abuse of process, Plaintiffs have suffered damages, including attorney fees to defend himself from Defendants and has also suffered economic losses and damages.

WHEREFORE, Plaintiffs prey judgment against Defendants and each of them, jointly and severally for all damages caused by Defendants for attorney's fees, court costs and other such relief the Court may deem proper.

**JURY DEMAND**

Douglas E. Beckman and Tracey Beckman demands a trial by jury.

                DOUGLAS E. BECKMAN Sr. and

                TRACEY BECKMAN,

By: _____
Steven E. Ort
BELL, ORT & LIECHTY
200 W. Main Street, P.O. Box 143
New London, IA 52645
Ph:(319) 367-2251
Fax:(319) 367-7745
Email: bellortliechtylaw@gmail.com
ATTORNEY FOR PLAINTIFFS

13